LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Scott A. Keller
scott@lkcfirm.com

July 16, 2025

**Via ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
 for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    RE:   *Computer & Communications Industry Association and NetChoice v. Paxton*, No. 24-50721 (5th Cir.), Plaintiffs-Appellees' Response to Amici States' 07/03/2025 Letter Under Fed. R. App. P. 28(j)

Dear Mr. Cayce:

    Amici States' 28(j) letter misstates the Supreme Court's narrow holding in *Free Speech Coalition v. Paxton*, U.S. No. 23-1122 ("*FSC*"). That case provides little support for Defendant here. *See* CCIA.Br.27-28.

    The distinct Texas law in *FSC* "targets speech that is obscene for minors." Op.28. It regulates "pornography" websites, and pornography is a unique category of "obscene for minors" speech unprotected for minors yet protected for adults. Op.8-10. States traditionally have had the power to restrict minors' "access" to such speech. Op.2, 7-10. In that singular context where speech is simultaneously protected for adults yet unprotected for

minors, *FSC* held that age-verification for adults to access "pornography" websites triggered intermediate First Amendment scrutiny. Op.18, 32-35.

Unlike the Texas law in *FSC*, Texas House Bill 18's (HB18) monitoring-and-censorship requirements "direct[ly] target[]" wide swaths of "fully protected speech." Op.20; *see* CCIA.Br.20-25. So this case presents far different issues, as *FSC* recognized would be true. Op.17-18 n.7.

Amici States, like Defendant, essentially ask this Court to erroneously "create a wholly new category of content-based regulation that is permissible only for speech directed at children." CCIA.Br.23 (citation omitted). *FSC* permits no such thing. *FSC* reaffirms the longstanding principle that States may regulate pornography—"[s]peech that is . . . obscene as to youths"—but cannot otherwise restrict speech "solely to protect the young from ideas or images that a legislative body thinks unsuitable for them." CCIA.Br.24 (citation omitted). That is what HB18 does here by using "novel statutory terms with unprecedented breadth." CCIA Br.24.

If anything, *FSC* demonstrates that HB18 is not properly tailored to address whatever unprotected speech the law could potentially cover. *See* CCIA.Br.36-37. Texas knows how to regulate truly unprotected speech by targeting only those websites that disseminate large amounts of speech that is obscene for minors (the "pornography industry," Op.33), as *FSC* demonstrates. *See* CCIA.Br.27-28.

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
*Counsel of Record*
*for Plaintiffs-Appellees CCIA and NetChoice*

cc: All counsel of record via ECF