

July 25, 2025

**Via ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
   for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re: *Students Engaged in Advancing Texas et al. v. Paxton*, No. 25-50096 (5th Cir.), Plaintiff-Appellees' Response to Amici States' July 3, 2025, Letter Under Fed. R. App. P. 28(j)

Dear Mr. Cayce:

      Contrary to Amici States' Rule 28(j) letter (ECF 96), *Free Speech Coalition v. Paxton*, No. 23-1122, provides no support for the facial validity of Texas HB 18, and, to the contrary, confirms that the law must satisfy strict scrutiny to survive.

      The only subsection of HB 18 to which *FSC* arguably pertains is Tex. Bus. & Com. Code § 509.057, which is not at issue in this appeal. *See* Response SEAT.Br., ECF 58, at 2 n.1. The Court's decision in *FSC* addressed only a Texas law (HB 1181) that regulates obscenity for minors, Op.17 n.7, requiring age identification for access to "pornographic websites" that contain specified amounts of "sexual content … which is obscene from a child's perspective." Op.2, 9.

      Accordingly, *FSC* hardly "reinforces that Tex. Bus. & Com. Code § 509.053 is not facially unconstitutional," as Amici suggest (at 2). Instead, *FSC* expressly reaffirms that the "'basic principles of freedom of speech . . . do not vary' when a new and different medium for communication appears," Op.16 (quoting *Brown v. Entertainment Merchants Assn.*, 564 U. S. 786, 790 (2011)); that strict scrutiny "is the standard for reviewing the direct targeting of fully protected speech," Op.19-20; and that reviewing courts do not defer to a legislature's view of "competing psychological studies" when applying strict scrutiny to a law restricting minors access to otherwise protected speech, *id*. at 21 (quoting *Brown*, 564 U.S. at 799-800).

700 Pennsylvania Avenue Southeast, Suite 340, Washington, D.C. 20003
phone: 215-717-3473  Fax: 215-717-3440
thefire.org

Far from approving restrictions for the categories of speech set forth in § 509.053, *FSC* held that restrictions on speech considered "obscene as to minors" must be interpreted narrowly—to "*explicit portrayals of nudity or sex acts* that predominantly appeal to the prurient interest." Op.17 n.7. It also confirmed that restrictions even on "indecent" speech must satisfy strict scrutiny. Op.22-23 n.9.

In short, *FSC* confirmed that content-based restrictions on access to protected speech—including incidental restrictions—must satisfy strict scrutiny unless they are narrowly focused on sexually explicit, "obscene as to minors," material. Consequently, the challenged provisions of HB 18 must satisfy strict scrutiny because they restrict speech minors may receive. *See* SEAT.Br.7, 35–37.

                                          Respectfully submitted,

                                          */s/ Robert Corn-Revere*
                                          Robert Corn-Revere
                                          *Counsel of Record for*
                                              *Plaintiffs-Appellees Students*
                                              *Engaged in Advancing Texas, et al.*

cc:    All counsel of record via ECF