# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2026
Lyle W. Cayce
Clerk

No. 25-50096

STUDENTS ENGAGED IN ADVANCING TEXAS; M.F., BY and THROUGH NEXT FRIEND, VANESSA FERNANDEZ; AMPERSAND GROUP, L.L.C.; BRANDON CLOSSON,

*Plaintiffs—Appellees*,

*versus*

KEN PAXTON, *Attorney General, State of Texas*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-945

## JUDGMENT

Before HIGGINBOTHAM, HO, and DOUGLAS, *Circuit Judges*. *

This cause was considered on the record on appeal and was argued by counsel.

On this record, the SEAT plaintiffs' fears of censorship based on indirect regulation are insufficient to support standing for a pre-enforcement

*Judge Ho concurs in the judgment in part and dissents in part

challenge, and their challenge to the age-verification requirement is now foreclosed. The monitoring and filtering requirement separately challenged by CCIA and NetChoice, however, is preempted by Section 230 of the CDA.

We therefore AFFIRM the order of the district court as to CCIA and NetChoice, but VACATE the order of the district court as to the SEAT plaintiffs and REMAND for proceedings consistent with this opinion.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that appellees pay to appellant the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See FED. R. APP. P. 41(b). The court may shorten or extend the time by order. See 5TH CIR. R. 41 I.O.P.