**Nos. 24-50721 & 25-50096**

# In the United States Court of Appeals for the Fifth Circuit

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION;
NETCHOICE, L.L.C.,

*Plaintiffs–Appellees*,

*v.*

KEN PAXTON, ATTORNEY GENERAL, STATE OF TEXAS,

*Defendant–Appellant.*

*consolidated with*

STUDENTS ENGAGED IN ADVANCING TEXAS;
M.F., by and through next friend, VANESSA FERNANDEZ;
AMPERSAND GROUP, L.L.C.; BRANDON CLOSSON,

*Plaintiffs–Appellees,*

*v.*

KEN PAXTON, ATTORNEY GENERAL, STATE OF TEXAS,

*Defendant–Appellant.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Case Nos. 1:24-cv-849 & 1:24-cv-945

## CONDITIONAL PETITION FOR PANEL REHEARING IN NO. 25-50096

***(Counsel Listed on Inside Cover)***

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

WILLIAM R. PETERSON
Solicitor General

WILLIAM F. COLE
Principal Deputy Solicitor General

BENJAMIN W. MENDELSON
Deputy Solicitor General
Ben.Mendelson@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700

*Counsel for Defendant–Appellant*

# Certificate of Interested Persons

Nos. 24-50721 & 25-50096

Computer & Communications Industry Association;
NetChoice, L.L.C.,

*Plaintiffs–Appellees*,

*v.*

Ken Paxton, Attorney General, State of Texas,

*Defendant–Appellant.*

*consolidated with*

Students Engaged in Advancing Texas;
M.F., by and through next friend, Vanessa Fernandez;
Ampersand Group, L.L.C.; Brandon Closson,

*Plaintiffs–Appellees,*

*v.*

Ken Paxton, Attorney General, State of Texas,

*Defendant–Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellant, as a governmental party, need not furnish a certificate of interested persons.

/s/ Benjamin W. Mendelson
Benjamin W. Mendelson
*Counsel of Record for*
*Defendant–Appellant*

# Conditional Petition for Panel Rehearing

This consolidated appeal concerns challenges to Texas House Bill 18, a statute which regulates social media websites. In No. 25-50096, this Court held that the SEAT Plaintiffs lacked standing to bring most of their claims and that their challenge to an HB 18 provision called the age-verification requirement was foreclosed. Slip Op. at 3, 10, 25 & n.11. In No. 24-50721, this Court held that a provision of HB 18 called the monitoring and filtering requirement, which the CCIA Plaintiffs challenged, is preempted by Section 230 of the Communications Decency Act. Slip Op. at 10.

The Attorney General is concurrently filing a petition for rehearing en banc in No. 24-50721 based on the panel's preemption holding, which presents issues warranting en banc review. But to limit the issues before the en banc Court, the Attorney General does not seek en banc review in No. 25-50096, which involves fact-bound issues on which the panel ruled unanimously.

Out of an abundance of caution, the Attorney General conditionally seeks panel rehearing in No. 25-50096. If rehearing en banc were granted in No. 24-50721, then the discussion of preemption in the opinion in No. 25-50096 would be dicta. To avoid confusing future litigants and courts, if en banc review is granted in No. 24-50721, then the Attorney General respectfully requests that the panel modify its opinion in No. 25-50096 to discuss only the issues in that appeal, *see* Slip Op. at 25 & n.11, and to remove the discussion of the preemption issues that would be reviewed by the en banc court. The Attorney General does not ask the panel to modify the judgment in No. 25-50096.

## Conclusion

For these reasons, if the en banc Court grants rehearing in No. 24-50721, then the opinion in No. 25-50096 should be modified to address only the issues concerning the SEAT Plaintiffs.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

William R. Peterson
Solicitor General

William F. Cole
Principal Deputy Solicitor General

/s/ Benjamin W. Mendelson
Benjamin W. Mendelson
Deputy Solicitor General
Ben.Mendelson@oag.texas.gov

*Counsel for Defendant–Appellant*

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3)(A) because it contains 310 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Benjamin W. Mendelson
Benjamin W. Mendelson